UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE TYLER,

    Plaintiff,

v.                                          Case No. 1:09-cv-686
                                                Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on February 26, 1947 (AR 61).[1] He is a high school graduate and attended mechanic's school in the 1960's (AR 98). Plaintiff had previous employment as a master mechanic and general mechanic (AR 92). Plaintiff identified his disabling conditions as osteoarthritis, diabetes mellitus, dementia, alzheimer's disease and a stroke (AR 91).

By way of background, plaintiff applied for both DIB and Supplemental Security Income ("SSI") on November 17, 1989 (AR 70). Plaintiff's claim for SSI was denied on January 25, 1990 (AR 70). The agency did not address plaintiff's 1989 DIB claim at that time. The record reflects that plaintiff was awarded SSI benefits based upon a subsequent application filed in August 1993 (AR 71-72, 87).

---

[1] Citations to the administrative record will be referenced as (AR "page #").

This case involves plaintiff's appeal from the February 6, 2009 decision issued by an Administrative Law Judge ("ALJ"), which denied plaintiff's 1989 application for DIB. The ALJ explained that plaintiff's DIB claim (which apparently sat dormant for more than 15 years) "originated as part of the Administration's Special Disability Workload, an initiative to ensure that presently disabled individuals under Title XVI of the Social Security Act receive any Title II benefits to which they may be entitled" (AR 10). The ALJ further explained that plaintiff filed an application for DIB on November 17, 1989; that the DIB claim alleged a disability beginning on June 15, 1975; and the claim was denied initially on December 1, 2006 (AR 10). As previously discussed, an ALJ reviewed plaintiff's claim *de novo* and entered a decision denying benefits on February 6, 2009 (AR 10-16). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence.

*Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff last met the insured status requirements for DIB on September 30, 1988 (AR 12). Plaintiff engaged in substantial gainful activity from the alleged onset date of June 15, 1975 through May 30, 1976, but has not engaged in substantial gainful activity from June 1, 1976 through the date last insured (September 30, 1988) (AR 12). At step two, the ALJ found that through the date last insured, plaintiff suffered from a severe impairment of a "deformed left index finger s/p fracture" (AR 12). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 13). The ALJ decided at the fourth step that through the date last insured, plaintiff had the residual functional capacity (RFC) "to perform light work as defined in 20 CFR 404.1576(b) except he may perform only occasional fingering with the digits of the left hand" (AR 13). The ALJ also found that through the date last insured, plaintiff was unable to perform any of his past relevant work (AR 14).

4

At the fifth step, the ALJ determined that as of the date last insured, when plaintiff was 41 years old, he could perform a significant number of jobs in the national economy (AR 14-15). Specifically, plaintiff could perform the following types of unskilled, light work in Michigan's lower peninsula: dishwasher (4,200 jobs) and janitor (15,000 jobs) (AR 15). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act (AR 22).

### III. Subsequent proceedings

Plaintiff contested the fact that the administrative transcript did not include medical records pertaining to his original November 17, 1989 application for SSI and DIB and the January 25, 1990 denial of DIB. *See* docket no. 11. The only record of plaintiff's November 17, 1989 application is a notation on his "DIB Review Sheet" that plaintiff's claim for SSI was denied on January 25, 1990 for "Slight impairment - medical consideration alone, no visual impairment" (AR 70). The court denied plaintiff's motion to supplement the administrative transcript with these records for the following reasons:

> Plaintiff, however, does not identify any particular record which is missing from the administrative transcript. The Social Security Administration, through Ernest Baskerville, "Chief of the Court Case Preparation and Review Branch 3, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration," has certified that the transcript filed with the court "constitute[s] a full and accurate transcript of the entire record of proceedings relating to this case" (AR Title Page). In the absence of any evidence to the contrary, the court accepts Ernest Baskerville's certification that the administrative transcript is complete.

Order (March 19, 2010) (docket no. 16). Plaintiff filed an improper interlocutory appeal of this order, which the Sixth Circuit Court of Appeals dismissed. *See Walter Lee Tyler v. Commissioner of Social Security*, No. 10-1674 (6th Cir.) (Order, July 20, 2010).

**IV. Hattie Patterson's standing to bring this *pro se* action in federal court**

A preliminary issue exists as to whether Hattie Patterson, plaintiff's sister and legal guardian, can bring this action on behalf of plaintiff. While the docket sheet reflects that this action was brought by Walter Tyler, the complaint and other papers in this action were signed by Hattie Patterson in her capacity as his legal guardian. *See* docket nos. 1, 2, 11, 14, 18 and 19. The record indicates that Ms. Patterson possessed letters of office issued by the Kent County Probate Court as plaintiff's "full guardian" which were in effect as of July 10, 2003 (AR 84-86). *See* docket no. 1-2 (copy of letters). However, Ms. Patterson has brought this action on plaintiff's behalf without an attorney.

As a general rule, a parent or legal guardian cannot represent a minor or incompetent litigant in federal court proceedings without an attorney. *See* Fed. R. Civ. P. 17(c). "While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child." *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257, 1258 (W.D. Mich.1990). "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). *See Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir. 1990) ("it is not in the interests of minors or incompetents that they be represented by non-attorneys").

This rule, however, has been relaxed in the narrow field of Social Security Appeals brought by a minor child's parent. As the court observed in *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000):

> We agree that the rights of minors in SSI appeals can be adequately protected without legal counsel-the proceedings essentially involve the review of an

> administrative record. We are persuaded that prohibiting non-attorney parents from proceeding pro se in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review under § 405(g).

*Harris*, 209 F.3d at 417. In this case, the court concludes that the same policy considerations which allow a parent to file a *pro se* Social Security Appeal on behalf of a minor child apply in this case, which involves a *pro se* Social Security Appeal filed by an incompetent adult's legal guardian. Accordingly, the court will not recommend dismissal of this action on the ground that Hattie Patterson has brought this *pro se* Social Security Appeal in her capacity as plaintiff's legal guardian.

## V. ANALYSIS

The court construes plaintiff's filings as raising the following issue on appeal:

**The ALJ's decision is not supported by substantial evidence**

Testimony at the administrative hearing held on January 29, 2009 (more than 20 years after plaintiff's last insured date), established that plaintiff was receiving SSI benefits (AR 309). At that time, the ALJ advised plaintiff that the only issue under consideration was plaintiff's eligibility for Title II benefits (DIB) for the period from 1975 through 1988 (AR 309-10). Ms. Patterson testified that she was not able to locate any information regarding plaintiff's medical condition as it existed during that time period and expressed her understanding that the Social Security Agency was not able to locate "any of those files" (AR 310). At the hearing, plaintiff testified that he was able to read and write, do simple math and had special training as a diesel mechanic (AR 311-13). However, plaintiff gave inconsistent testimony regarding his work history. At various times, plaintiff testified: that he worked for Greyhound Bus Lines until about five years previous to the hearing; that he last worked about three years before the hearing; that from 1975

7

through 1988 he worked for Greyhound Bus Lines; and that he fractured a finger while working on a bus (AR 311-14).

Plaintiff's sister, Ms. Patterson, testified to clarify plaintiff's employment and medical history. Ms. Patterson clarified that plaintiff has not had a full-time job since 1988 and that he suffered from diabetes, which plaintiff had "pretty much" his whole life (AR 315-16). Ms. Patterson recalled that plaintiff's dementia may have manifested itself when he was over medicated in a hospital in 1998 or 1999 (AR 317). She testified that plaintiff could always get a job but that he could not keep the jobs (AR 319). Ms. Patterson further testified that plaintiff started having problem with his gait sometime in the 1970's and 1980's (AR 320). Plaintiff had other employment, working for UPS, Bettlers and as a DJ (AR 321-23). Plaintiff apparently suffered a wrist injury and head injury at age 39 when he fell off of a ladder (AR 326-27).

The medical record regarding plaintiff's condition during the relevant time period is sparse, consisting of emergency room records of finger, ankle and head injuries (AR 232-66). The court notes that there two psychiatric review technique forms (PRTF) in the record. On July 10, 2006, Michael McCarthy, Ed.D. prepared a PRTF covering the dates of June 1, 1975 through September 30, 1988 (AR 195-207). The consultant determined that there was insufficient evidence for a medical disposition of the claim (AR 195). The consultant noted that plaintiff had an emergency room visit on August 30, 1999 for abdominal pain and black stools (AR 207). At that time, plaintiff was diagnosed with alcohol and cocaine abuse (AR 207). The consultant concluded that "[t]here is insufficient evidence for this time period to establish [a] diagnosis of significant psychopathology or limitation of functioning" (AR 207).

DDS consultant Kenneth Kobes prepared a second PRTF covering the dates of June 1, 1975 through September 30, 1998 (AR 181-94). In this PRTF, the consultant determined that there was insufficient evidence from June 1975 through September 1988 to establish a diagnosis of significant psychopathology or limitation of functioning (AR 181, 193). In this regard, the consultant noted in the PRTF that after September 1988, plaintiff reportedly used cocaine on occasion and abused alcohol, and that as of November 17, 2006, plaintiff "is reported to require total care and has a legal guardian" (AR 193).

A third DDS consultation form dated November 17, 2006, stated that a PRTF had been completed and had determined that insufficient evidence existed to make a determination with respect to plaintiff's mental condition for the period from "6/75 - 9/88" (AR 209).

A physical RFC assessment prepared by a non examining DDS consultant noted emergency room visits in 1985 and 1986, but no other medical records during the relevant time period (AR 173-80). In a DDS consultation form dated July 13, 2006, Glen H. Douglas, M.D., stated that the medical evidence of record failed to establish a severe physical impairment (AR 211).

Relying on the medical evidence of record as it pertained to plaintiff's condition during the relevant time period, the ALJ determined that plaintiff's only impairment was a fractured finger (AR 14). The ALJ further stated:

> The claimant does not allege any other limitation for which there is any medical evidence in the record. He has developed severe mental limitations which exist currently, but there is no indication in the medical records of any severe mental impairment prior to his last date insured.

(AR 14).

Since plaintiff's insured status for purposes of receiving DIB expired on September 30, 1988, plaintiff cannot be found disabled unless he can establish that a disability existed on or

9

before that date. *See Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984). Evidence relating to a later time period is only minimally probative. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Such evidence is only considered to the extent it illuminates a claimant's health before the expiration of his insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). It is undisputed that plaintiff's physical or mental condition deteriorated over time. Plaintiff was awarded SSI benefits based upon an application filed in August 1993. Plaintiff's sister has been acting as his legal guardian since at least 2003 and the medical evidence indicates that plaintiff reportedly required "total care" by the guardian in 2006. While plaintiff was found disabled sometime after August 1993, and has been required a guardian since at least 2003, there is no medical evidence that he suffered from a disabling physical or mental condition during the relevant time period which expired on his last insured date of September 30, 1988. A finding of disability in 1993 (5 years after plaintiff's last insured date) and the need for a guardian in 2003 (15 years after his last insured date) are simply not probative of plaintiff's condition on or before his last insured date of September 30, 1988. Accordingly, substantial evidence supports the ALJ's decision denying DIB benefits.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: August 4, 2010               /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).